Walter BOSHART, Larry E. Long, Mary H. Loveland and Robert L. Loveland, Petitioners,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent,

and

Goshen Community Schools, Intervenor.

No. 71T10–9607–TA–00077.

Tax Court of Indiana.

Oct. 29, 1996.

Charles P. Rice, Shawn P. Ryan, South Bend, for Petitioners.

Pamela Carter, Attorney General of Indiana, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

John W. Davis, Jr., Goshen, for Intervenor.

FISHER, Judge.

Remonstrators Walter Boshart, Larry E. Long, Mary H. Loveland and Robert L. Loveland (petitioners) appeal a final determination of the Indiana State Board of Tax Commissioners (State Board). The petitioners contest the State Board's April 11, 1996, refusal to issue subpoenas, pursuant to IND.TRIAL RULE 28(F), for a hearing concerning a Goshen Community Schools construction project. The petitioners contend that due to this failure, they could not adequately prepare for the hearing.

### FACTS AND PROCEDURAL HISTORY

Goshen Community Schools sought to undertake a school building project in late 1995. The petitioners remonstrated against the

project following the procedures of IND.CODE ANN. § 6–1.1–20–3.2 (West Supp.1996). On April 1, 1996, the petition process concluded, and on April 12, 1996, the Elkhart County Auditor announced that the project had more signatures for it than against it. As required by IND.CODE ANN. § 6–1.1–19–8 (West Supp. 1996), the Goshen Community Schools petitioned the State Board for approval of the proposed lease rental agreement in connection with the construction project.[1] The State Board referred the petition to the Property Tax Control Board (Control Board) for its recommendation per IND.CODE ANN. § 6–1.1–19–8(b) (West Supp.1996).[2]

Before the Control Board's hearing, certain petitioners expressed their concerns regarding the availability of documents relating to the lease. Goshen Community Schools refused to produce certain documents on the basis that the records were exempt from inspection under IND.CODE ANN. § 5–14–3–4 (West Supp.1996). On April 9, 1996, the petitioners, pursuant to T.R. 28(F), asked the State Board to issue *subpoenas duces tecum* and schedule the depositions of several school officials and independent contractors.[3] By letter dated April 11, 1996, the State Board declined to issue the subpoenas. On April 15, 1996, the petitioners sued the State Board in St. Joseph circuit court. The petitioners sought to have the Control Board hearing stayed pending discovery. The St. Joseph circuit court dismissed the suit after an April 17 hearing.

On April 18, 1996, the Control Board held its hearing. Counsel for the petitioners argued again that they had been denied documents by Goshen Community Schools. State Board representatives urged cooperation between the petitioners and Goshen Community Schools regarding the exchange of docu-

ments. By letter, Goshen Community Schools certified to the State Board that numerous documents had been made available to the petitioners.

The Control Board recommended approval of the lease agreement. The State Board delayed the issuance of its final decision on the lease agreement, giving the petitioners an opportunity to respond after various documents from Goshen Community Schools were made available to them. The State Board received no further correspondence from the petitioners. The State Board approved the lease rental agreement on June 14, 1996.

On July 11, 1996, the petitioners filed this original tax appeal. On September 5, 1996, the petitioners filed a motion for judgment on the pleadings under IND.TRIAL RULE 12(C). This motion is now before this Court.

### DISCUSSION AND ANALYSIS

■ This legal odyssey began with the petitioners' remonstrance against the Goshen Community Schools project under IND.CODE ANN. § 6–1.1–20–3.2. For the petitioners, the journey should have ended with the tally at the Elkhart County Auditor's office:

> After a political subdivision has gone through the petition and remonstrance process set forth in this section, the political subdivision is not required to follow any other remonstrance or objection procedures under any other law relating to bonds or leases designed to protect owners of real property within the political subdivision from the imposition of property taxes to pay debt service or lease rentals. However, the political subdivision must still receive the approval of the state board of tax commissioners required by . . . IC 6–1.1–19–8.

---

1. IND.CODE ANN. § 6–1.1–19–8(a) states in pertinent part: "A school corporation may not . . . enter into a lease rental agreement . . . unless the school corporation has first obtained the state board of tax commissioners' approval of the lease rental agreement. . . ."

2. IND.CODE ANN. § 6–1.1–19–8(b) states in pertinent part: "Before [the state board of tax commissioners] approves or disapproves a proposed lease rental agreement . . . the state board of tax commissioners may seek the recommendation of the tax control board."

3. IND.TRIAL RULE 28(F) states in pertinent part:

   **Discovery Proceedings Before Administrative Agencies.** Whenever an adjudicatory hearing, including any hearing in any proceeding subject to judicial review, is held by or before an administrative agency, any party to that adjudicatory hearing shall be entitled to use the discovery provisions of Rules 26 through 37 of the Indiana Rules of Trial Procedure. Such discovery may include any relevant matter in the custody and control of the administrative agency.

IND.CODE ANN. § 6–1.1–20–3.2(7).[4] Absent from this statute is any indication that there are parties to the approval process that Goshen Community Schools must go through under IND.CODE ANN. § 6–1.1–19–8 other than the school corporation and the State Board. The approval process is required in any school lease rental agreement and is completely separate from and unrelated to the remonstrance process. In fact, IND.CODE ANN. § 6–1.1–20–3.2(7) is explicit in stating that the political subdivision (Goshen Community Schools) need not entertain further legal protests or objections beyond the remonstrance. The petitioners had their chance to stop the project but failed to convince a sufficient number of their neighbors of the wisdom of their position. This Court can find no legal basis for the petitioners' assumption that they are parties to the process once the votes have been counted against them.

■ To be sure, the process does continue after a failed remonstration. As we have seen, section 3.2(7) expressly requires the school board to secure approval for a proposed lease from the State Board under IND. CODE ANN. § 6–1.1–19–8. That section prohibits a school corporation from "enter[ing] into a lease rental agreement . . . unless the school corporation has first obtained the state board of tax commissioners' approval." IND.CODE ANN. § 6–1.1–19–8(a). In deciding whether to approve such an agreement, the statute instructs:

> The state board of tax commissioners may either approve, disapprove, or modify then approve a school corporation's proposed lease rental agreement, bond issue or school bus purchase loan. Before it approves or disapproves a proposed lease agreement, bond issue or school bus purchase loan, the state board of tax commissioners may seek the recommendation of the tax control board.

IND.CODE ANN. § 6–1.1–19–8(b). Any decision to seek the recommendation of the Control Board is discretionary. There are no hearing requirements. Only three parties are considered here; 1) a school corporation asking for approval, 2) the State Board acting on that request, and 3) the Control Board acting as an advisor. There is no provision for other parties to be involved in this process. Structurally, the Control Board functions in a manner similar to State Board hearing officers. The hearings are discretionary—the Control Board need only investigate the petition on the State Board's behalf and make its recommendation. If hearings are held, the decision to get input from anyone other than the school corporation is discretionary. While these hearings may be open to the public, there is no requirement that they must accept public input. In the case at bar, if the State Board wished to get information from the petitioners, it was purely the Board's choice. That the State Board allowed input from the petitioners via the Control Board hearing does not make the petitioners a party.[5] Therefore, assuming the hearing before the State Board acting through the Control Board is an "adjudicatory hearing" per T.R. 28(F), the petitioners are not parties to the adjudicatory hearing.

### CONCLUSION

For the foregoing reasons, this Court holds that the petitioners in this case were not parties to the proceedings before the State Board and therefore not entitled to invoke T.R. 28(F). This being the only issue raised by the petitioners, the Court DENIES their motion for judgement on the pleadings and AFFIRMS the decision of the State Board.

4. The Court takes notice that there are two versions of IND.CODE ANN. § 6–1.1–20–3.2. The first was amended by P.L. 53–1996, SEC.3 (the Senate version). The second was amended by P.L. 54–1996, SEC.1 (the House version). Though this Court finds that the Senate version IND.CODE ANN. § 6–1.1–20–3.2(7) is the last positive expression of the legislature and is thus controlling, the analysis here would be no different under the House version.

5. Indiana law allows persons not parties to an administrative hearing process to seek judicial review after the administrative proceedings are complete through a public lawsuit. See IND.CODE ANN. ch. 34–4–17 (West 1983 & Supp.1996).